*A. H. Field, for appellant.*

*R. H. Field, for appellees.*

---

### JNO. F. SHANKLIN *v.* PITKIN WEIRD ET AL.

**Contracts—Payment of Another's Debts.**

> Where, under an arrangement between a debtor and a third person, the latter undertook to pay off the former's indebtedness, the fact that the third person paid off some debts created after the agreement, does not charge him with the payment of other debts created since the agreement.

APPEAL FROM BULLITT CIRCUIT COURT.

March 5, 1874.

OPINION BY JUDGE PRYOR:

This contract, made between Shanklin and Wallace for the land of the wife of the latter, created no such obligations on the part of Shanklin to pay the creditors of Wallace, that could not at any time have been rescinded by the two without the consent of any creditor that Wallace might have had. The consideration itself could have been changed and the money paid directly to Wallace, instead of his creditors. Under this contract, however, Shanklin proceeded to pay off the creditors so far as they were ascertained, and afterwards made a full and complete settlement with his grantor, and took a receipt evidencing that fact. A list of the creditors paid is exhibited, showing that Shanklin acted in the utmost good faith in the execution of his agreement. That he paid off debts created after the agreement, is no reason for charging him with the payment of the claims asserted by the appellees. This he had the right to do, by the consent of Wallace, to the exclusion of any existing creditor.

Their creditors existing at the time, were not asserting any claim against Shanklin; and so far as the record shows, he was ignorant

of the existence of any of these claims, except perhaps one, until after he had settled with Wallace and paid to him the balance due on the settlement. He was entitled to the discount on the money advanced by him, and the parol proof shows that it was not a cash sale. This was agreed to by Wallace, and the discount made at his instance, not for his own benefit, but that the money might at once be obtained in order to satisfy the demands of creditors. If held as trustee, he would also be entitled to compensation for his services, and this with the discount would liquidate any balance against him. These creditors, by a proceeding in equity, with such allegations as would have given the chancellor the right to have distributed the fund between Wallace's creditors, could have prevented the parties to the contract from applying the proceeds of sale in any other way; but as the case is presented, the appellant has acted in the best of faith, and ought not to be responsible for the laches of those who are now seeking to collect their debts.

The judgment of the court below is reversed and cause remanded with directions to dismiss the petition as against Shanklin. So far as the rights of Mrs. Wallace are concerned, this court can express no opinion. Neither Mrs. Wallace nor the appellees are complaining of any error in this branch of the case.

*A. H. Field*, for appellant.

*Lee, Rodman, R. H. Field*, for appellees.